*Formatted for Electronic Distribution*                                                                    *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:

    Kenneth C. Ruest,                                                                      Chapter 13 Case
        Debtor                                                                                  # 08-10512

_____

**Kenneth C. Ruest,**
      Plaintiff,
  v.                                                                                                                **Adversary Proceeding**
                                                                                      # 09-1035

**Citibank, N.A., as Trustee for the**
**MLMI Trust Series 2006-HE5, et al.,**
      Defendants.

_____

*Appearances:*

   Rebecca A. Rice, Esq.                                                                  Alexandra E. Edelman, Esq.
   Cohen & Rice                                                                            Kevin M. Henry, Esq.
   Rutland, Vermont                                                                      Gary F. Karnedy, Esq.
   For Kenneth C. Ruest                                                              Douglas J. Wolinsky, Esq.
                                                                                    Primmer Piper Eggleston & Cramer
                                                                                    Burlington, Vermont
                                                                                     For Citibank, N.A., as Trustee for the
                                                                                     MLMI Trust Series 2006-HE5

(Filed & Entered On Docket August 23, 2011)

# MEMORANDUM OF DECISION
### GRANTING IN PART AND DENYING IN PART
### THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Kenneth C. Ruest (the "Debtor") filed a complaint (doc. # 1) to initiate this adversary proceeding on October 2, 2009. On November 20, 2009, Citibank N.A. as Trustee for the MLMI Trust Series 2006-HE5 (the "Bank") filed its answer (doc. # 6). On January 17, 2011, the Bank filed the instant motion for summary judgment (doc. # 33) seeking dismissal of the Debtor's claims that the Bank lacks standing to enforce the mortgage note against the Debtor, and that the Bank is liable to the Debtor for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") (doc. # 33, p. 1). The Debtor filed an objection to the motion for summary judgment (doc. # 35), and the Bank filed a reply in support of its motion for summary judgment (doc. # 37). For the reasons set forth below, the Court grants the Bank's motion for summary judgment on the TILA and RESPA claim and denies the Bank's motion for summary judgment on the standing claim.

1

## JURISDICTION AND RELEVANT LAW

This Court has jurisdiction over this adversary proceeding and the Bank's motion for summary judgment under 28 U.S.C. §§ 1334 and 157, and declares it to be a core proceeding under § 157(b)(2)(B).

## UNDISPUTED MATERIAL FACTS

Based upon the record in this adversary proceeding, and pursuant to Vt. LBR 7056-1(a)(3), the Court finds the following facts to be material and undisputed:

1. On May 25, 2006, the Debtor executed and delivered a promissory note to Aegis Lending Corporation ("Aegis") in the amount of $104,000 (the "Note") (doc. # 34, ¶ 1; doc. # 36).

2. The proceeds of the loan were used to refinance real property located at 52 Town Hill Road, Poultney, Vermont (the "Property") (doc. # 34, ¶ 2; doc. # 36).

3. Also on May 25, 2006, the Debtor executed and delivered to Aegis a mortgage deed to the Property to secure the Note (the "Mortgage") (doc. # 34, ¶ 3; doc. # 36).

4. Also on May 25, 2006, the Debtor executed a Good Faith Estimate of Settlement Charges (doc. # 34, ¶ 4; doc. # 36).

5. The original Note is in the possession of Bank of America, the current loan servicer on behalf of the Bank, and is endorsed in blank by Trymeka McCoy, as Assistant Secretary of Aegis Mortgage Corporation (doc. # 34, ¶ 5; doc. # 36). The Bank is the Trustee of the MLMI Trust Series 2006-HE5 (the "Trust") (doc. # 34, ¶ 6; doc. # 36).

6. On May 14, 2008, Aegis assigned the Mortgage to the Bank as Trustee of the Trust (doc. # 34, ¶ 7; doc. # 36).

7. On June 5, 2008, the Debtor filed his bankruptcy petition (doc. # 34, ¶ 8; doc. # 36).

8. On September 30, 2008, the Bank filed its original proof of claim in connection with the Note and Mortgage, which was amended on January 19, 2010, to attach the May 14, 2008 assignment (doc. # 34, ¶ 9; doc. # 36).

9. On October 2, 2009, the Debtor filed his complaint in this adversary proceeding (doc. # 1; doc. # 34, ¶ 10; doc. # 36).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006). If the nonmoving party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment. See Celotex Corp., 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case"); see also Tufariello v. Long Island R. Co., 458 F.3d 80, 85 (2d Cir. 2006).

## DISCUSSION

The Bank's motion for summary judgment focuses on two distinct issues: 1) whether the Bank lacks standing to enforce the mortgage note against the Debtor; and 2) whether the Bank is liable to the Debtor for violations of TILA and RESPA. The motion also includes a request for attorneys' fees and costs.

IS SUMMARY JUDGMENT APPROPRIATE ON THE ISSUE OF THE BANK'S ALLEGED LACK OF STANDING?

In his complaint, the Debtor objects to the Bank's proof of claim and seeks, inter alia, a judgment disallowing any claims filed on behalf of the Bank and declaring the Bank's security interests void or, in the alternative, determining the identity of the holder of the Note and Mortgage (see doc. # 1, pp. 2–3). The Debtor alleges that the Bank does not have standing to enforce the Note and Mortgage (see doc. # 1, pp. 2–3). The Bank's position is that the Debtor's claim it does not have standing to enforce the Note and Mortgage fails as a matter of law because the Bank is the holder of the Note and the assignee of the Mortgage (doc. # 33, pp. 1–2, 4–6).

Bankruptcy law does not generally provide for the enforcement of promissory notes. As a result, the legal obligations of the parties are determined by applicable non-bankruptcy law, which is usually state law. See Butner v. United States, 440 U.S. 48, 54–55 (1979). Though there is no unified federal law governing promissory notes, each state has adopted a version of the Uniform Commercial Code (the

3

"UCC") concerning negotiable instruments, which applies to promissory notes. The Vermont statutes incorporating the UCC, specifically Article 3 dealing with negotiable instruments, 9A V.S.A.§ 3-101 et seq., describe a "[p]erson entitled to enforce" an instrument as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3-309 or 3-418(d)." 9A V.S.A. § 3-301.

The general definitions section of Vermont's UCC statute defines a "holder," inter alia, as "(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 9A V.S.A. § 1-201(21)(A). The Vermont Supreme Court recently addressed standing to enforce negotiable instruments and, specifically, how one becomes the holder of an instrument entitled to file a foreclosure complaint. See United States Bank Nat'l Ass'n. v. Kimball, 2011 VT 81, 2011 Vt. LEXIS 80, 2011 WL 2937311 (Vt. 2011). The Vermont Supreme Court stated that:

> A person becomes the holder of an instrument when it is issued or later negotiated to that person. 9A V.S.A. § 3-201(a). Negotiation always requires a transfer of possession of the instrument. Id. § 3-201 cmt. When the instrument is made payable to bearer, it can be negotiated by transfer alone. Id. §§ 3-201(b), 3-205(a). If it is payable to order – that is, to an identified person – then negotiation is completed by transfer and endorsement of the instrument. Id. § 3-201(b). An instrument payable to order can become a bearer instrument if endorsed in blank. Id. § 3-205(b).

Kimball, 2011 VT 81 at ¶ 14. If a note was not issued to the person who is in possession, to be a current holder the person in possession is "required to show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to [the person in possession of the instrument]." Id. (emphasis added); but cf. Korda v. Chicago Ins. Co., 2006 VT 81, 180 Vt. 173, 908 A.2d 1018 (Vt. 2006) (acknowledged in Kimball as support for the plaintiff's argument to be substituted as the real party in interest under Vermont Rule of Civil Procedure 17(a) based upon obtaining capacity to sue after case is commenced but before it is dismissed for lack of capacity, which argument was ultimately rejected under the specific facts of Kimball).

Notably, the current Vermont Rule of Civil Procedure governing foreclosure proceedings likewise imposes this requirement by reference to the UCC. Rule 80.1 provides, in relevant part, that:

> [t]he plaintiff shall attach to the complaint copies of the original note and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed. The plaintiff shall plead in its complaint that the originals are in the possession and control of the plaintiff or that the plaintiff is otherwise entitled to enforce the mortgage note pursuant to the Uniform Commercial Code.

Vt. R. Civ. P. 80.1(b)(1).

4

Although Kimball dealt with a foreclosure complaint, this Court has applied the same principle in the context of a proof of claim. See Densmore v. Litton Loan Servg., L.P. (In re Densmore), 445 B.R. 307 (Bankr. D. Vt. 2011). In Densmore, this Court noted that:

> the document [the creditor] has filed to enforce its rights under the [n]ote and [m]ortgage is a proof of claim, rather than a complaint or motion, and the seminal date for analysis and allowance of a proof of claim, including the question of standing, is the date the bankruptcy case was commenced. See Official Form 10.

Densmore, 445 B.R. at 312. It is undisputed that the loan servicer on behalf of the Bank is in currently in possession of the Note, and that the Note is endorsed in blank (see Undisputed Material Facts ¶ 5, supra). However, the date on which the Bank came into possession of the Note is conspicuously absent from the Bank's summary judgment pleadings. This presents the same impediment to summary judgment as in Densmore. Since the date the Note was endorsed is a material fact essential to the determination of whether the Bank is entitled to judgment as a matter of law on the issue of standing, and since the record of undisputed material facts does not include any information about the date of the endorsement, summary judgment is not proper. See Densmore, 445 B.R. at 312. Accordingly, the Bank's motion for summary judgment on the issue of standing is denied.[1]

IS SUMMARY JUDGMENT APPROPRIATE ON THE ISSUE OF ALLEGED VIOLATIONS OF TILA AND RESPA?

The Bank argues that the Debtor's TILA and RESPA claims fail as a matter of law because: (i) the Debtor has presented neither evidence nor allegations identifying which provisions of TILA or RESPA the Debtor claims that the Bank violated; (ii) the Debtor has not alleged a viable claim for violations of TILA or RESPA against the Bank; (iii) any TILA- or RESPA-related claim would be barred by the statute of limitations; and (iv) as assignee the Bank cannot be liable for TILA and RESPA claims (doc. # 33, pp. 6–9). See Celotex 477 U.S. at 325.

Federal Rule of Civil Procedure 8(a)(2), as made applicable by Federal Rule of Bankruptcy Procedure 7008(a), provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must comply with the procedural and substantive rules, and to survive a motion for summary judgment, a complaint must plead enough facts to state a claim for relief that is plausible on its face. See O'Neill v. Hernandez, 2010 U.S. Dist. LEXIS 33262, *13, 2010 WL 1257512, *5 (S.D.N.Y. Mar. 25, 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)).

---

[1] Since the Court has denied the Bank's motion for summary judgment on the issue of standing because there is a genuine issue of material fact as to when the Note was endorsed, there is no need for the Court to specifically address at this time the arguments that the Debtor raises in opposition to the Bank's motion on this issue.

The Debtor alleges in his complaint only that "[p]rior to closing, [the] Debtor did not receive a good faith estimate of the costs of the loans as required by TILA and RESPA, nor was he informed that there would be two mortgages, rather than one" (doc. # 1, ¶ 15), and that "[the] Debtor believes that the transaction violated both TILA and RESPA" (doc. # 1 ¶ 16). The Debtor does not allege a specific section of TILA or RESPA that the Bank violated if it failed to provide the good faith estimate or failed to notify the Debtor he would be signing two mortgages rather than one (see doc. # 1, ¶¶ 15, 16).

In his opposition to the Bank's motion for summary judgment refuting the TILA and RESPA claims, the Debtor raises the new arguments that: (1) the Bank did not provide "material disclosures" required by TILA (listing as "material disclosures" the annual percentage rate, the finance charge, the amount financed, the total payments, and the payment schedule under 15 U.S.C. § 1602(u)); and (2) the Debtor attempted to rescind the loan shortly after consummation under TILA, specifically 15 U.S.C. § 1635(f), but the Bank was unresponsive (doc. # 35, pp. 7–8). The Court will not consider these new claims, as they are an apparent attempt to bolster or alter Debtor's inadequate complaint in order to survive summary judgment. See Greenridge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006) (finding that the district court did not abuse its discretion when deeming arguments raised for the first time in opposition to a motion for summary judgment as untimely); see also Agee v. Grunert, 349 F.Supp.2d 838, 842 (D.Vt. 2004) (declining to consider legal claims raised for the first time in a plaintiff's opposition to a summary judgment motion); Maxim Group, LLC v. Life Partners Holdings, Co., 690 F.Supp.2d 293, 308–09 (S.D.N.Y. 2010) (collecting cases). The Court notes that the Debtor has not moved to amend his complaint to include these new claims. See Greenridge, 446 F.3d at 361.

As a result of the Debtor's including only very general allegations in his complaint and his failure to cite any specific provision of TILA or RESPA that the Bank violated in his complaint, the Court finds the Bank is entitled to judgment as a matter of law because there is neither any evidence in the record, nor any allegation by the Debtor, that the Bank has violated any specific provision of either TILA or RESPA.

Moreover, even if the Court were to find the Debtor's claim in his complaint that he did not receive a good faith estimate of the costs of the loans as required by TILA and RESPA (see doc. # 1, ¶ 15) to be facially plausible, it is undisputed that the Debtor executed a Good Faith Estimate of Settlement Charges on the same day that he executed the Note and Mortgage (see Undisputed Material Facts ¶¶ 1, 3–4, supra). The Court thus further finds that, based upon the undisputed material facts establishing that the Debtor executed a good faith estimate, the Bank is entitled to judgment as a matter of law on the Debtor's claim in his complaint that he did not receive a good faith estimate.

Accordingly, the Bank's motion for summary judgment on the Debtor's TILA and RESPA claims is granted.[2]

### IS THE DEBTOR ENTITLED TO RELIEF ON ANY OF HIS OTHER ARGUMENTS?

The Debtor makes two additional arguments in opposition to summary judgment. First, the Debtor argues that summary judgment should be denied because the Bank failed to attach a note with any endorsement to its proof of claim and has thus lost the presumption of prima facie validity (doc. # 35, pp. 10–11). However, loss of the presumption of prima facie validity merely shifts "the burden of proving the existence and amount of the claim" to the claimant. Densmore, 445 B.R. at 311, n.3 (quoting In re Parrish, 326 B.R. 708, 719 (Bankr. N.D. Ohio 2005)). Here, it is undisputed that the loan servicer on behalf of the Bank is in currently in possession of the Note, and that the Note is endorsed in blank (see Undisputed Material Facts ¶ 5, supra), and the Bank filed a copy of the Note endorsed in blank with its amended claim (see claim # 10-2, part 3, p. 5). Although there is a genuine issue of material fact as to the timing of the endorsement (see supra), the amended proof of claim is sufficient to create a presumption of prima facie validity. Second, the Debtor argues that summary judgment should be denied because there is a dispute as to the amount of the Bank's claim (doc. # 35, pp. 9–10). However, the Bank's motion for summary judgment does not seek a determination as to the allowed amount of its claim. The Court will address this issue at trial.

The Bank's motion for summary judgment was narrowly focused on the Bank's rights as to the first mortgage on the Property (forming the basis for amended claim # 10). The motion did not address the Bank's rights as to the second mortgage on the Property (forming the basis for claim # 11). Thus, the Court does not address any of the Debtor's arguments with respect to the second mortgage at this time. The issues raised in the Debtor's complaint as to the second mortgage will be adjudicated at trial.

### IS THE BANK ENTITLED TO ATTORNEYS' FEES AND COSTS?

The Bank also requests attorneys' fees and costs incurred in litigating this action (doc. # 33, p. 9). However, "Vermont follows the 'American Rule' of attorney's fees, under which parties to litigation are generally responsible for their own fees in the absence of a statute or agreement to the contrary." Perez v. Travelers Ins., 2006 VT 123, ¶ 8, 181 Vt. 45, 49–50, 915 A.2d 750, 754 (Vt. 2006). The Bank does not identify a statute or agreement setting forth a basis to depart from the American Rule or to shift fees and costs to the opposing party. Therefore, the Bank's request for attorneys' fees and costs is denied.

---

[2] Since the Court has granted the Bank's motion for summary judgment on the Debtor's TILA and RESPA claims on the basis that there is no evidence or allegation by the Debtor that the Bank violated a specific provision of TILA or RESPA and that the Debtor did not allege a viable claim that he did not receive a good faith estimate, there is no need for the Court to address either the Bank's additional arguments regarding the TILA and RESPA claims, or the Debtor's arguments in opposition thereto.

## CONCLUSION

For the reasons set forth above, the Bank's motion for summary judgment is denied as to the issue of standing, the Bank's motion for summary judgment is granted as to the Debtor's TILA and RESPA claims, and the Bank's request for attorneys' fees and costs is denied.

The Court has considered all of the arguments of the parties, and to the extent any argument is not specifically addressed herein it is because the Court has found it to be moot or without merit.

This memorandum of decision constitutes the Court's findings of facts and conclusions of law.

August 23, 2011  
Burlington, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge